IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| DENNIS BLACK, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PENSION BENEFIT GUARANTY CORP., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:09-cv-13616 <br> Hon. Arthur J. Tarnow <br> Magistrate Judge Donald A. Scheer |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY THE PENSION BENEFIT GUARANTY CORPORATION SHOULD NOT BE HELD IN VIOLATION OF THIS COURT'S ORDER ON PRELIMINARY INJUNCTION**

Plaintiffs hereby move for an order to show cause as to why the Defendant Pension Benefit Guaranty Corporation ("PBGC") is not in violation of the Court's January 26, 2010 Order on Plaintiffs' Motion for Preliminary Injunction. A supporting brief accompanies this motion. Counsel for Plaintiffs has contacted counsel for the PBGC regarding this motion, and the PBGC does not consent to the motion.

Respectfully submitted,

/s/ Anthony F. Shelley

| | |
|---|---|
| Alan J. Schwartz (P38144) | Anthony F. Shelley |
| JACOB & WEINGARTEN, P.C. | Timothy P. O'Toole |
| 777 Somerset Place | Michael N. Khalil |
| 2301 Big Beaver Road | MILLER & CHEVALIER CHARTERED |
| Troy, Michigan  48084 | 655 15th St. NW, Suite 900 |
| Telephone:  248-649-1900 | Washington, DC  20005 |
| Facsimile:  248-649-2920 | Telephone:  202-626-5800 |
| E-mail:  alan@jacobweingarten.com | Facsimile:  202-626-5801 |
| | E-mail:  ashelley@milchev.com |
| | totoole@milchev.com |
| | mkhalil@milchev.com |

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| DENNIS BLACK, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 2:09-cv-13616<br>) Hon. Arthur J. Tarnow<br>) Magistrate Judge Donald A. Scheer |
| v. | )<br>) |
| PENSION BENEFIT GUARANTY CORP., *et al.*, | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR
AN ORDER TO SHOW CAUSE AS TO WHY THE PENSION BENEFIT
GUARANTY CORPORATION SHOULD NOT BE HELD IN VIOLATION
OF THIS COURT'S ORDER ON PRELIMINARY INJUNCTION**

Plaintiffs are participants in the Delphi Retirement Program for Salaried Employees ("the Plan"). Plaintiffs' lawsuit asserts in pertinent part that Defendant Pension Benefit Guaranty Corporation ("PBGC") improperly terminated the Plan in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and in violation of the due process clause of the Fifth Amendment to the United States Constitution. In October of 2009, Plaintiffs filed a motion for a preliminary injunction seeking to maintain their pension benefits at pre-termination levels (which were then in effect but would be reduced by the PBGC starting on February 1, 2010) pending resolution of their claims against the PBGC. *See* Dkt. No. 7.

On January 26, 2010, this Court entered an order (the "January 26th Order") on Plaintiffs' preliminary injunction motion. In the January 26th Order, the Court ruled that benefit reductions could take place as scheduled on February 1, 2010**, but only if** the PBGC took one of two steps designed to ensure that irreparable harm would not occur to Plaintiffs should this Court ultimately determine that Plan termination was unlawful. *See* Dkt. No. 101. First, the PBGC

- 1 -

could place sufficient funds in a segregated escrow account such that equitable relief could be granted if Plaintiffs were to prevail. Second, as an alternative, the PBGC could stipulate that Plaintiffs would be entitled to receive from the PBGC the difference between the reduced benefits the PBGC was going to begin paying and full benefits under the Plan, if the Court determined the Plan had been illegally terminated. The Court concluded in the January 26th Order that, if the PBGC were to meet either condition, Plaintiffs would be assured that they would be made whole if they prevailed in the lawsuit, and thus irreparable harm would not occur pending judicial review of the Plan's termination.

On January 28, 2010, the PBGC filed a motion informing the Court it would not meet either of the conditions and sought the alteration or amendment of the January 26th Order. *See* PBGC's Motion to Alter or Amend the Court's January 26, 2010 Order on Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 107 (hereafter, the "PBGC Motion to Alter or Amend"). The PBGC claimed that, consistent with its powers under ERISA, it "could not" satisfy either condition set forth in the January 26th Order. *Id.* at 2. The PBGC also argued that, even if the Court were to find that the PBGC acted improperly in terminating the Plan, this Court's remedial powers are limited to "reversing PBGC's termination of the Plan." *Id.* at 3. The Court supposedly could do nothing more than require the "PBGC to return the Plan to DPH Holdings, Inc. ('Old Delphi'), the liquidating debtor." *Id.*

In opposition, Plaintiffs asserted that federal law, namely ERISA and the Constitution, authorizes this Court to award equitable relief to redress injury. *See* 29 U.S.C. § 1303(f)(1) (any participant who is "adversely affected by any action of the [PBGC] with respect to a plan . . . may bring an action against the [PBGC] for appropriate equitable relief in the appropriate court"); 5 U.S.C. § 705 ("On such conditions as may be required and to the extent necessary to

prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."). Plaintiffs further underscored that equitable relief can be sufficiently flexible so as to ensure that the PBGC makes Plaintiffs whole. *See, e.g., Carter-Jones Lumber Co. v. Dixie Distrib. Co.*, 166 F.3d 840, 846 (6th Cir. 1999).

On February 1, 2010, without satisfying either of the conditions imposed by the Court, and without any other authorization for doing so, the PBGC began reducing Plaintiffs' benefits.

On February 17, 2010, this Court denied the PBGC Motion to Alter or Amend. As the Court explained, there was substantial legal support for each alternative the Court had provided in the January 26th Order. *See* Order Granting Plaintiffs' Motion for Leave to File a Response to Defendant's Motion and Denying Defendant PBGC's Motion to Alter or Amend the Court's January 26, 2010 Order on Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 122 (hereafter, "February 17th Order"). In the February 17th Order, the Court specifically "decline[d] to accept Defendant's position that Plaintiffs cannot obtain any relief in this lawsuit if the Court concludes that the PBGC acted improperly." *Id.* at 3.

As a result of this Court's denial of the PBGC Motion to Alter or Amend, the PBGC had two lawful options available to it: (1) it could appeal the January 26th Order and seek a stay of its terms pending appeal; or (2) it could comply with the January 26th Order, either by:

(a) "setting aside an escrow account containing funds made up of the difference between Plaintiffs' current benefit levels paid under the Plan and the reduced level of benefits Plaintiffs are set to begin receiving effective February 1, 2010;" or

(b) "fil[ing] a stipulation with this Court specifying that if this Court found, after a consideration of the merits of Plaintiffs' complaint, that PBGC improperly terminated the Plan and wrongfully reduced benefits, then Plaintiffs would be entitled in this action to (and would be compensated by PBGC with) the difference between their current benefit levels paid under

> the Plan and the reduced level of benefits Plaintiffs were set to begin receiving effective February 1, 2010."

February 17th Order at 1-2. Without satisfying one of these two options, the PBGC could not lawfully continue its benefit reductions.

On March 4, 2010, the PBGC filed a "Statement Regarding the Court's January 26, 2010 Order On Plaintiffs' Motion For Preliminary Injunction." Dkt. No. 126 (hereafter, "PBGC Statement"). In the PBGC Statement, the PBGC announced that it would not presently appeal the January 26th Order, but also did not agree to follow either of the possible courses of action set forth by the Court in the January 26th Order. Instead, the PBGC asserted in pertinent part:

> While PBGC must comply with the limitations of ERISA, *see* 29 U.S.C. § 1361, PBGC can, within the parameters of its statutory obligations, stipulate that if termination of the Plan is overturned by a final and non-appealable court order, PBGC will relinquish the Plan and its more than $2 billion in assets, along with payment and participant records that will allow the administrator to determine and pay the amount of Plan benefits owed to each participant to date.

PBGC Statement at 2.

Plaintiffs submit that the PBGC's proposed course of action is not permitted by the January 26th Order. The PBGC has not agreed to avail itself of either of the two options permitted by this Court in the January 26th Order, namely: (1) placing the disputed funds in escrow; or (2) stipulating that if Plaintiffs prevail they will be "entitled in this action to (and would be compensated by PBGC with) the difference between their current benefit levels paid under the Plan and the reduced level of benefits Plaintiffs were set to begin receiving effective February 1, 2010." Instead, the PBGC's suggestion that, if the Plan's termination were overturned "by a final and non-appealable court order" it would simply "relinquish the Plan," PBGC Statement at 2, is just a re-articulation of "Defendant's position[s] that Plaintiffs cannot obtain any relief in this lawsuit if the Court concludes that the PBGC acted improperly" and that the PBGC supposedly lacks "authority" to pay Plaintiffs anything -- positions that the Court

- 4 -

(recognizing that it has the power to order equitable relief) has already declined to accept. February 17th Order at 3; *compare with* PBGC Motion to Alter or Amend at 3 (PBGC asserting that Court is limited to requiring the "PBGC to return the Plan to DPH Holdings, Inc. ('Old Delphi'), the liquidating debtor").

Plaintiffs have contacted Counsel for the PBGC, who stated that the PBGC opposes the relief here requested. Counsel for the PBGC indicated that the PBGC believes the two conditions set forth in the Court's January 26th Order were only contingencies and that the PBGC was not directed to implement either of them. To the contrary, Plaintiffs believe that the January 26th Order made clear that the PBGC could not begin reducing pension benefits under the Plan without complying with one of those two stated conditions. Nevertheless, the PBGC began reducing pension payments to Plan participants on February 1, 2010, and now has emphasized in the recent PBGC Statement that the PBGC is not complying with, and currently does not intend to comply with, either condition of the January 26th Order.

For these reasons, Plaintiffs respectfully ask this Court to enter an order to show cause as to why the PBGC should not be found to be in violation of the January 26th Order. Plaintiffs also request that the Court take all necessary and appropriate action to enforce its January 26th Order.

Respectfully submitted,

/s/ Anthony F. Shelley_____

| | |
|---|---|
| Alan J. Schwartz (P38144) | Anthony F. Shelley |
| JACOB & WEINGARTEN, P.C. | Timothy P. O'Toole |
| 777 Somerset Place | Michael N. Khalil |
| 2301 Big Beaver Road | MILLER & CHEVALIER CHARTERED |
| Troy, Michigan 48084 | 655 15th St. NW, Suite 900 |
| Telephone: 248-649-1900 | Washington, DC 20005 |
| Facsimile: 248-649-2920 | Telephone: 202-626-5800 |
| E-mail: alan@jacobweingarten.com | Facsimile: 202-626-5801 |
| | E-mail: ashelley@milchev.com |
| | totoole@milchev.com |
| | mkhalil@milchev.com |

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

landy.ralph@pbgc.gov (Ralph Landy)
david.glass@usdoj.gov (David M. Glass)
edward.w.risko@gm.com (Edward W. Risko)
rswalker@jonesday.com (Robert S. Walker)
susan.ashbrook@ohioattorneygeneral.gov (Susan E. Ashbrook)


                                            /s/ Anthony F. Shelley_____