# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DENNIS BLACK, et al.,**

       **Plaintiffs,**　　　　　　**CIVIL ACTION NO. 09-CV-13616**

vs.

　　　　　　　　　　　　　　　**DISTRICT JUDGE ARTHUR J. TARNOW**

**PENSION BENEFIT GUARANTY**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORP., et al.,**

       **Defendants.**
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR ADOPTION OF SCHEDULING ORDER (DOCKET NO. 152)

This matter comes before the Court on Plaintiffs' Motion For Adoption Of Scheduling Order. (Docket no. 152). Defendant Pension Benefit Guaranty Corporation ("PBGC") has filed a response. (Docket no. 154). Plaintiffs filed a reply. (Docket no. 156). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 158). The motion being fully briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiffs move the Court for adoption of their proposed scheduling order with respect to their claims against Defendant PBGC. Plaintiffs' proposed order sets aside approximately seven months for discovery on counts 1-4 of their Second Amended Complaint and establishes a deadline for initial disclosures among other things. (Docket no. 152, Ex. A). Defendant PBGC objects to Plaintiffs' proposed order, requesting instead a three month discovery period limited to count 4 alone, with no

1

initial disclosures and limited to determining the completeness of the PBGC's administrative record. (Docket no. 154).

The parties' dispute over the limitations on discovery in this ERISA action arises from a hearing held in the district court on September 24, 2010 on Defendant PBGC's motion to dismiss counts 1-3 of Plaintiffs' amended complaint (docket no. 23), Defendant PBGC's motion for summary judgment on count 4 of the amended complaint (docket no. 45), and Plaintiffs' motion to show cause (docket no. 130). Plaintiffs argue that during the September hearing the Court indicated that discovery of the usual sort would be allowed on counts 1-4 of their Second Amended Complaint. Defendant PBGC contends that there are no facts in dispute in connection with counts 1-3 and that discovery as to count 4 is not appropriate because review is limited to the administrative record.

The Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, governs decisions of the PBGC. Review under the APA is limited to the administrative record in existence at the time of the decision under review. 5 U.S.C. § 706; *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co.*, 470 U.S. at 744; *Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court".).

The Court has reviewed the parties' briefs, Plaintiffs' Second Amended Complaint, and the

transcript of the September 24, 2010 hearing. Count 1 of Plaintiffs' Second Amended Complaint alleges that the agreement between Defendant PBGC and the Plan Administrator to terminate the Salaried Plan violates ERISA because a court decree is necessary to terminate vested pension rights. Defendant PBGC admits that it entered into a voluntary agreement with the Plan Administrator to terminate the Salaried Plan without obtaining a court decree. (Docket no. 150 at ¶34). Based on Defendant PBGC's admission there are no facts in dispute with regard to count 1. Discovery outside of the administrative record is not warranted on this claim.

Count 2 alleges that Defendant PBGC violated ERISA when it entered into an agreement to terminate the Salaried Plan with a Plan Administrator who failed to act as a fiduciary of the Plan. Delphi or its Executive Committee is the Plan Administrator ("Delphi"). Plaintiffs contend that because Delphi acted without regard to the Plan participants' interests it failed to act as fiduciary and hence as a proper Plan Administrator in terminating the Salaried Plan. Plaintiffs further contend that even if Delphi did act on behalf of the participants and beneficiaries' interests as Plan Administrator, Delphi was laboring under a conflict of interest and was therefore in breach of its fiduciary duty of loyalty. In either situation, Plaintiffs contend that Defendant PBGC violated ERISA by agreeing to terminate the Plan with an entity that was not acting in its capacity as Plan Administrator. As a consequence Plaintiffs contend that the agreement to terminate the Salaried Plan is null and void. Defendant PBGC contends that it is well settled under Supreme Court jurisprudence that fiduciary duties do not apply to a decision to terminate a pension plan.

The district court denied Defendant PBGC's motion to dismiss without prejudice as to count 2 without specifically identifying what if any discovery outside of the administrative record is required. Plaintiffs have not established that the administrative record is deficient in relation to

count 2.  The Court finds that Plaintiffs have not demonstrated a need for discovery beyond the administrative record on this claim.

Count 3 of the Second Amended Complaint alleges that if 29 U.S.C. § 1342(c) permits a pension plan to be terminated by an extrajudicial agreement it violates the Due Process Clause of the Fifth Amendment.  Discovery is not warranted relative to count 3.

Count 4 of the Second Amended Complaint alleges that Defendant PBGC's decision to terminate the Salaried Plan failed to comport with the requirements of 29 U.S.C. § 1342(a) and (c).  Plaintiffs contend that they wish to challenge Defendant PBGC's release of its liens against Delphi's foreign assets; its failure to place additional liens against Delphi's foreign assets despite the underfunding of the Salaried Plan; its waiver of actions against Delphi and GM entities; and its failure to obtain additional funding from Old and New GM for the Salaried Plan in exchange for the release of the liens.  (Docket no. 156 at 3-4).  Plaintiffs address these issues in their Second Amended Complaint in relation to a July 21, 2009 settlement agreement between Defendant PBGC and Delphi.  (Docket no. 145 at ¶ 28).

At the September 24, 2010 hearing Plaintiffs implied that the administrative record is incomplete because it ends in April 2009 when the Salaried Plan was determined to be terminated on July 20, 2009.  (Docket no. 152, Ex. B at 56-57).  According to Plaintiffs, during the months between April and July 2009 General Motors filed for bankruptcy, the Auto Task Force came into force, and Delphi's bankruptcy was affected, none of which appears in the administrative record.  (Docket no. 152, Ex. B at 57).  Based on Plaintiffs' allegations that the administrative record is deficient because it does not contain material from April through July 2009, the Court will enter a

4

scheduling order allowing discovery relative to determining the completeness of the administrative record.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Adoption Of Scheduling Order (docket no. 152) is **DENIED**.

### NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 28, 2011    s/ Mona K. Majzoub
　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 28, 2011    s/ Lisa C. Bartlett
　　　　　　　　　　　　　Case Manager