UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BLACK, ET AL.,

        Plaintiffs,

v.

PENSION BENEFIT GUARANTY
CORPORATION, ET AL.,

        Defendants.
_____/

Case No. 09-13616

SENIOR UNITED STATES DISTRICT
JUDGE
ARTHUR J. TARNOW

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER SUSTAINING PLAINTIFFS' OBJECTIONS [172] TO MAGISTRATE JUDGE'S SCHEDULING ORDER, GRANTING PLAINTIFF'S MOTION FOR ADOPTION OF SCHEDULING ORDER [152], ADMINISTRATIVELY TERMINATING PBGC'S MOTION FOR PROTECTIVE ORDER [178], ADMINISTRATIVELY TERMINATING PLAINTIFFS' MOTION TO COMPEL DISCOVERY [179], AND ENTERING SCHEDULING ORDER**

Now before the Court is the Magistrate Judge's Order [169] denying Plaintiffs' Motion for Adoption of Scheduling Order.

On April 11, 2011, Plaintiffs filed objections [172] to the order. Defendant PBGC filed a response [173] to the objections on April 25, 2011 and Plaintiffs filed a reply [174] on May 2, 2011.

**I. Plaintiffs' Objections**

    **A. Standard of Review**

The standard of review set forth in F.R.C.P. 72(a) governs this nondispositive matter. Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law."

    **B. Analysis**

Upon review of the record, this Court makes the following findings:

By denying Plaintiff's Motion for Adoption of Scheduling Order, the Magistrate Judge erred.

On December 22, 2009, at a hearing held on Plaintiffs' Motion for Preliminary Injunction [7], this Court questioned counsel regarding what Plaintiffs would be required to show if it were assumed that they were correct that they were entitled to a hearing prior to the termination of the Salaried Plan. The Court ultimately ordered the parties to submit supplemental briefing addressing the termination of the Plan.

On September 24, 2010, the Court held a hearing on various motions in this matter, including PBGC's Motion to Dismiss Counts 1 through 3 of the Second Amended Complaint [23] and PBGC's Motion for Summary Judgment on Count 4 [45]. The Court again questioned counsel as to what would be shown at a hearing to terminate the Plan that Plaintiffs asserted was required. The Court denied PBGC's dispositive motions without prejudice and specifically permitted discovery to proceed as to Plaintiffs' complaint. The Court did not address the full scope of discovery that would be permitted.

Plaintiffs then filed their Motion for Adoption of Scheduling Order [152] seeking to set a schedule for conducting discovery on Counts 1 through 4. PBGC opposed the motion, arguing that discovery should not be permitted. On March 28, 2011, the Magistrate Judge entered an order [169] concluding that this "is an action for review on an administrative record" and denying discovery as to Counts 1 through 3. The only discovery permitted related to Count 4 and whether any deficiencies existed in the administrative record. Defendants were permitted to object to this discovery.

In the instant objections, Plaintiffs assert that the Magistrate Judge erred in not allowing discovery on Counts 1 through 3 of the complaint. Plaintiffs also maintain that the Magistrate Judge improperly concluded that this is an action for review on an administrative record.

The Court finds that the Magistrate Judge erred in concluding that discovery is not permitted on Counts 1 through 3 of the complaint since the Court previously concluded on September 24, 2010 that this case may proceed to discovery.[1]  The Court did not limit that discovery to only certain counts of the complaint.

The Court further concludes that the Magistrate Judge erred in finding that this is an action for review on an administrative record, as the parties have disputed whether this action only concerns the administrative record and this Court has never concluded that it will only focus on the administrative record in considering Plaintiffs' complaint.

As Plaintiffs correctly point out, the Sixth Circuit has concluded that "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Fed. R. Civ. P. 26 states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Since "'discovery itself is designed to help define and clarify the issue,' the limits set forth in *Rule 26* must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. Appx. 900, 904 (6th Cir. 2009) (unpublished) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In terms of addressing the scope of discovery for purposes of entering a scheduling order– The Court's initial focus, keeping the above case law in mind,  is on Count 4 and whether

---

[1] Following the hearing, neither party filed a motion asking the Court to reconsider its ruling.

termination of the Salaried Plan would have been appropriate in July 2009[2] if, as Plaintiffs contend, Defendants were required under 29 U.S.C. §1342(c) to file before this court "for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the fund." Plaintiffs maintain in their objections that addressing this question may allow the Court to avoid constitutional and statutory questions raised within the Second Amended Complaint in an exercise of judicial restraint  The Court agrees. Such a finding by the Court that termination was proper under 29 U.S.C. §1342(c) would moot the remainder of the complaint pertaining to the PBGC, as it would be irrelevant whether ERISA and the Due Process Clause require that a hearing be held under 29 U.S.C. §1342(c) before termination of a plan (since with or without a hearing, termination would have been proper). Certainly, this matter, which the Court will address, "bear[s] on" the case issues. *Oppenheimer*, 437 U.S. at 351; *see also Conti*, 326 Fed. Appx. at 904. Proceeding in this manner is also an appropriate application of judicial restraint.[3] *See Firestone v. Galbreath*, 976 F.2d 279, 285-286 (6th Cir. 1992) (court, quoting Supreme Court precedent, notes, "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality... unless such adjudication is unavoidable. Deciding constitutional issues only after considering and rejecting every nonconstitutional ground for the decision is a fundamental rule of judicial restraint") (citations

---

[2] The Plan termination date, as per the agreement reached between PBGC and the plan administrator, was July 31, 2009.

[3] Of course, the PBGC may still prevail in this lawsuit even if the evidence demonstrates that termination would not have been proper after a hearing under 28 U.S.C. §1342(c), as the Court would consider at that time the relevant statutory and constitutional questions; these questions could ultimately be decided in the PBGC's favor.

and internal quotation marks omitted).

In addressing termination in Count 4 under 28 U.S.C. §1342 and assuming that a hearing was required before termination, this Court, pursuant to *In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006), will conduct a *de novo* review of the PBGC's decision to terminate the Plan. Such a review is not characterized as an APA review limited to the administrative record, with the agency's decision receiving deference. As the Court concluded in *UAL*:

> Deference is appropriate when agencies wield delegated interpretive or adjudicatory power– the former usually demonstrated by rulemaking and the latter by administrative adjudication (which also may yield rules in common-law fashion). The PBGC did not use either rulemaking or adjudication to decide that United's plan should be wrapped up at the end of 2004. Its decision was made unilaterally and was not self-executing. The only authority that the PBGC has under §1342 is to ask a court for relief. That implies an independent judicial role. When making its decision a court must respect any regulations issued after notice-and-comment rulemaking, but the PBGC has not promulgated any rules pertinent to this subject. Nor has it issued the sort of interpretive guidelines that deserve the court's respectful consideration even though they lack the power to control. All the PBGC had done is commence litigation, and its position is no more entitled to control than is the view of the Antitrust Division when the Department files suit under the Sherman Act. As the plaintiff, a federal agency bears the same burden of persuasion.
>
> Nothing in 29 U.S.C. §1342(c), which describes the judicial function after the PBGC files an action seeking termination, suggests that the court must defer to the agency's view.

*See UAL Corp.*, 468 F.3d at 449-450 (citations omitted).[4]

Once again, a finding by the Court in the PBGC's favor on Count 4 after this review would render moot the remainder of the complaint pertaining to the PBGC. In the event that the Court finds that termination of the plan was not supported by the factors set forth in 28 U.S.C.

---

[4] The Court of course recognizes that unlike in *UAL*, the PBGC did not move here for a court decree seeking termination; rather, the PBGC and the plan administrator reached an agreement to terminate the plan. However, the same principles enunciated in *UAL* apply to the review the Court is conducting here. Defendant has not offered the Court any Supreme Court or Sixth Circuit case that has addressed the specific issue considered in *UAL*. The Court finds the Seventh Circuit's analysis of the issue persuasive.

§1342(c), the Court will consider the remaining issues raised in the complaint.

## II. Defendant's Motion for a Protective Order [178] and Plaintiffs' Motion to Compel Discovery [179]

Also pending before the Court are Defendant's Motion for a Protective Order [178] and Plaintiffs' Motion to Compel Discovery [179]. These motions were filed following the Magistrate Judge's order denying Plaintiffs' Motion for Adoption of Scheduling Order. Plaintiffs' objections have now been sustained and the Motion for Adoption of Scheduling Order has been granted. Therefore, the issues raised in the motion may now be mooted based on the Court's ruling.

The Court concludes that these motions should be deemed administratively terminated and closed without prejudice. If necessary, the parties may file discovery motions at some later date that account for the instant ruling.

## III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections [172] to the Magistrate Judge's Scheduling Order and Order Denying Plaintiffs' Motion for Adoption of Scheduling Order are **SUSTAINED**. As the Court previously ruled, this case will proceed to discovery.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Adoption of Scheduling Order [152] is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant's Motion for a Protective Order [178] and Plaintiffs' Motion to Compel Discovery [179] are **HEREBY ORDERED** administratively terminated by this Court. The Motions shall be closed without prejudice. The parties may file, if necessary, discovery motions at a later date that account for the Court's ruling in this order.

**IT IS FURTHER ORDERED** that these proceedings as to Plaintiffs and the PBGC will

continue as follows:

    1. Plaintiffs and Defendant PBGC shall serve the initial disclosures which are required by Fed. R. Civ. P. 26(a)(1) by September 16, 2011.

    2. All discovery related to claims 1-4 shall be served in time to be completed by April 30, 2012.

    3. All discovery motions related to claims 1-4 shall be filed by March 30, 2012.

    4. Plaintiffs and the PBGC shall exchange names of all witnesses, lay and expert, by February 29, 2012.

    5. Each party shall be entitled to serve a maximum of 25 interrogatories upon another party, with responses thereto required to be served in accordance with the Federal Rules of Civil Procedure.

    6. Plaintiffs and the PBGC shall each be allowed 10 depositions on claims 1-4 without leave of the Court.

    7. All dispositive motions related to claims 1-4 shall be filed no later than May 31, 2012. These motions, consistent with the above discussion in this order, must address under Count 4 whether termination of the Salaried Plan would have been appropriate in July 2009 if, as Plaintiffs contend, Defendants were required under 29 U.S.C. §1342(c) to file before this court "for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the fund."

                #09-13616
Black et al v. Pension Benefit Guaranty Corporation

**SO ORDERED**.


Dated: September 1, 2011        s/Arthur J. Tarnow
                                     Arthur J. Tarnow
                                     Senior United States District Judge


I certify that a copy of the foregoing document was sent to parties of record on September 1, 2011 by U.S./electronic mail.

                                     s/Michael Williams
                                     Relief Case Manager for the
                                     Honorable Arthur J. Tarnow