# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DENNIS BLACK, ET AL.,

          PLAINTIFFS,

v.                                    Case No. 09-13616

PENSION BENEFIT GUARANTY          HONORABLE ARTHUR J. TARNOW
CORPORATION, ET AL.,               SENIOR UNITED STATES DISTRICT JUDGE

          DEFENDANTS.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND INTERLOCUTORY APPEAL [194]

Now before the Court is Defendant's Motion for Reconsideration and Interlocutory Appeal [194].[1]

### Motion for Reconsideration

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case.") "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or

---

[1] The full designation of this motion is Defendant's Motion for Reconsideration of the Court's Order Sustaining Plaintiffs' Objection to Magistrate Judge's Scheduling Order, Granting Plaintiff's Motion for Adoption of Scheduling Order, Administratively Terminating Defendant's Motion for Protective Order, Administratively Terminating Plaintiffs' Motion to Compel Discovery, and Entering Scheduling Order.

plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted). Further, "[t]he decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Defendant's motion for reconsideration relies on a mischaracterization of this Court's Order Sustaining Plaintiffs' Objection to Magistrate Judge's Scheduling Order [193]. In its motion Defendant asserts that this Court has "summarily rejected nearly 40 years of PBGC practice," "has failed to enforce 29 U.S.C. § 1342(c) according to its terms," and has "disregard[ed] Congress's intent as expressed in the statute to avoid a constitutional question." Def.'s Mot. For Recons. at 5-8. Defendant in effect argues that this Court has reached a decision on the merits of this case. As stated on the record at a hearing held on September 24, 2010, regarding various motions, including Defendant's Motion to Dismiss [23] and Motion for Summary Judgment [45], this Court has *not* ruled on the meaning of the statutory language of 29 U.S.C. § 1342(c), or on Congress's intent in enacting said statute, or on whether Defendant's practices are in accordance with section 1342(c). Rather, this Court dismissed without prejudice Defendant's Motion to Dismiss, finding that, accepting as true all of the factual allegations contained in the complaint, Plaintiff had stated a cognizable claim upon which relief could be granted. This Court also found, for reasons stated on the record, that there were sufficient material facts in dispute to dismiss without prejudice Defendant's Motion for Summary Judgement, despite Defendant's claim that "neither Plaintiffs nor the Court have identified a single disputed fact that would justify discovery . . . ." Def.'s Mot. For Recons. at 2.

In attempting to characterize this Court's dismissal of Defendant's Motions as a decision on the merits, Defendant has misstated the position of the Court. A misstatement of the Court's position

does not constitute a palpable defect. To the extent that Defendant simply restates arguments previously made in support of their Motion to Dismiss and Motion for Summary Judgment, the Court has already rejected these arguments for the reasons stated on the record at the September 24, 2010 hearing.

## Interlocutory Appeal

Defendant asks in the alternative that this Court permit an interlocutory appeal pursuant to 28 U.S.C. §1292(b). A district court judge may certify an issue for interlocutory appeal if the case "involves a controlling question of law as to which there is substantial ground for difference of opinion and... an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

The Court declines to certify an interlocutory appeal in this matter. The plain language of 28 U.S.C. §1292(b) makes the district court's decision whether to certify an appeal discretionary. Certification should be ordered "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

Defendant's request for interlocutory appeal relies upon a mischaracterization of this Court's Order Sustaining Plaintiffs Objections to the Magistrate Judge's Scheduling Order. A district court may permit such an appeal when the court is of "the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). Defendant characterizes its appeal as necessary to resolve the controlling question of "[w]hether Title IV of ERISA allows

PBGC to terminate pension plans by agreement with plan administrators without obtaining a court decree." This Court has not issued any decision on the merits with regard to whether Title IV of ERISA permits PBGC to terminate a pension plan by agreement with the plan administrator. This Court's Order therefore did not involve the controlling question of law for which Defendant seeks certification.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration or Certification for Interlocutory Appeal [194] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 3, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on October 3, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 3, 2011: **None**.

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182

4