**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DENNIS BLACK, *et al.*,                                    )
                                                          )          Case No. 2:09-cv-13616
          Plaintiffs,                    )          Hon. Arthur J. Tarnow
                                                          )          Magistrate Judge Mona K. Majzoub
                                                          )
     v.                                           )
                                                          )
PENSION BENEFIT GUARANTY                                   )
CORPORATION, *et al.*,                                     )
                                                          )
          Defendants.                    )
_____)

**PENSION BENEFIT GUARANTY CORPORATION'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER OF AUGUST 21, 2013, GRANTING IN PART
PLAINTIFFS' RULE 37 MOTION TO ENFORCE COURT ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and Local Rule 72.1(d),

Defendant PBGC hereby submits its objections to Magistrate Judge Majzoub's Order Granting in

Part Plaintiffs' Rule 37 Motion to Enforce Court Order, dated August 21, 2013 (the "Order").

PBGC objects to the Order on the basis that it is clearly erroneous and contrary to law.

With no prior warning to PBGC that the Court was not satisfied with the discovery process

PBGC and the plaintiffs have been following, or with the pace of PBGC's production of

hundreds of thousands of pages of documents and a privilege log containing thousands of entries,

the Court has imposed on PBGC the most severe sanction available – denial of PBGC's right to

protect privileged documents.  The Order misapprehends the situation and is thereby clearly

erroneous and contrary to law, because it does not reflect PBGC's regular and good faith

coordination with the plaintiffs throughout this massive document production effort, nor the

parties' understanding that PBGC would first review and produce all responsive, non-privileged documents to plaintiffs before it turned to the task of logging the privileged documents – a process that by necessity must come at the end of the production process.  The Order likewise does not reflect that the parties memorialized their understanding in a written report to the District Court and that the Court both acknowledged and acquiesced to that understanding, without any questions or comment, by "so ordering" the parties' joint report.

Finally, by suggesting that PBGC must produce the detailed information require by Fed. R. Civ. P. 26(b)(5) immediately after receiving a massive document request, at the pain of losing its privileges for failing to do so, the Order takes no notice of the practicalities of producing a detailed privilege log given the magnitude of plaintiffs' discovery demands.  Fair consideration of these factors requires the Court to vacate the Magistrate Judge's imposition of the extraordinarily severe sanction imposed in her Order.  Therefore, PBGC respectfully requests that the Order be vacated and that the plaintiffs' Rule 37 Motion to Enforce Court Order be denied.

A brief in support of this objection is attached in accordance with L.R. 7.1.

Dated: September 4, 2013

Respectfully submitted,

/s/ C. Wayne Owen, Jr._____
ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
JOHN A. MENKE
Assistant Chief Counsel
C. WAYNE OWEN, JR.
CRAIG T. FESSENDEN
ERIN C. KIM
Attorneys

Local Counsel:

BARBARA L. McQUADE
United States Attorney
PETER A. CAPLAN
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9784

Attorneys for the Defendant
PENSION BENEFIT GUARANTY
COPORATION
Office of Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 326-4020 ext. 3204
Fax: (202) 326-4112
Emails: owen.wayne@pbgc.gov and
efile@pbgc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| _____ ) | |
| DENNIS BLACK, *et al.*, ) | |
| ) | Case No. 2:09-cv-13616 |
| Plaintiffs, ) | Hon. Arthur J. Tarnow |
| ) | Magistrate Judge Mona K. Majzoub |
| ) | |
| v. ) | |
| ) | |
| PENSION BENEFIT GUARANTY ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PENSION BENEFIT GUARANTY**
**CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**
**OF AUGUST 21, 2013, GRANTING IN PART PLAINTIFFS' RULE 37**
**<u>MOTION TO ENFORCE COURT ORDER</u>**

## Statement of Issues

1.      A Magistrate Judge's decision is clearly erroneous and contrary to law if, after reviewing the entirety of the evidence, the District Court is left with the definite and firm conviction that a mistake has been committed.  Here, the Order in question (1) failed to account for PBGC's understanding with the plaintiffs that it would produce a privilege log at the conclusion of its production; (2) failed to acknowledge that the District Court was informed of the parties' understanding and approved it by "so ordering" the parties joint discovery report and stipulation; (3) failed to consider the practicalities involved in creating a privilege log for a document production of the massive scope demanded by plaintiffs; and (4) without prior warning to PBGC of the Court's concerns, and without taking any intermediate steps to address them, imposed the most severe sanction -- denying PBGC its right to protect its privileged material from discovery. In consideration of these errors, should this Court vacate the Magistrate Judge's Order on the grounds that it is clearly erroneous and/or contrary to law?

**Authority PBGC Relies Upon**

Statutes and Rules

28 U.S.C. §§ 631-39

Fed. R. Civ. P. 26(d)(5) & 72(a)

Local Rule 72.1(d)

United States Circuit Court Cases

*Teleglobe Communs. Corp. v. BCE, Inc*., 493 F.3d 345, 386 (3d Cir. 2007)

*U.S. v. Philip Morris, Inc*., 347 F.3d 951, 954 (D.C. Cir. 2003)

*US. v. British Am. Tobacco (Inv.) Ltd.,* 387 F.3d 884, 885 (D.C. Cir. 2004)

United States District Court Cases

*Berryman v. SuperValu Holdings, Inc.*, No. 05 cv 169, 2008 WL 4934007 at *10 (S.D. Ohio, Nov. 18, 2008)

*Best Buy Stores, L.P. v. Manteca Lifestyle Center, LLC*, No. 2:10 cv 1089, 2011 WL 2433655 (E.D. Cal. 2011) (unpublished)

*Coalition for a Sustainable Delta v. Koch,* No. 1:08–CV–00397 OWW GSA, 2009 WL 3378974 (E.D. Cal. 2009) (unpublished).

*Carl Zeiss Vision Int'l GmbH v. Signet Armorlite*, No. CIV 07CV–0894DMS POR, 2009 WL 4642388, (S.D. Cal. 2009) (unpublished).

*Dynetix Design Solutions, Inc. v. Synopsys, Inc.,* No. 07 cv 1989, 2008 WL 5100203 at *4 (E.D. Cal. Nov. 26, 2008)

Other

8 Charles Alan Wright, Arthur R. Miller & Richard L Marcus, FEDERAL PRACTICE AND PROCEDURE § 2016.1 (3d ed.)

6 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE - CIVIL § 26.47 (3d ed.)

2 James Wm. Moore et al., MOORE'S MANUAL--FEDERAL PRACTICE AND PROCEDURE § 15.26

1993 Advisory Committee Notes to Fed. R. Civ. P. 26(d)(5)

## Preliminary Statement

On August 21, 2013, the Magistrate Judge granted, in part, Plaintiffs' Rule 37 Motion to Enforce Court Order (the "Order").  The ruling requires that PBGC produce to plaintiffs, by September 30, 2013, plan participant census data (pursuant to a negotiated protective order) and documents about PBGC's recoveries.  PBGC will fully comply with this portion of the Order. However, the Order also found that PBGC had waived its rights to claim attorney-client, work product, or deliberative process privileges for *any* documents, and that PBGC must produce all such privileged documents by September 30, 2013.  Because that portion of the Order is clearly erroneous and contrary to law, PBGC now objects to the Order and requests that the Court vacate the Order and deny plaintiffs' Rule 37 Motion to Enforce this Court's Order Granting Plaintiffs' Second Motion to Compel Discovery with respect to assertions of privilege.

## Standard of Review

The Federal Magistrate's Act, 28 U.S.C. §§ 631-39, sets forth the standards by which a district court reviews the findings of a magistrate judge.  With respect to orders on nondispositive matters, a district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law."[1]  A decision by a magistrate judge is clearly erroneous if the district court, after reviewing the *entirety of the evidence*, "is left with the definite and firm conviction that a mistake has been committed."[2]  A court's review under the "contrary to law"

---

[1] § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)).

[2] *Sandles v. U.S. Marshal's Serv.,* No. 04-cv-7246, 2007 WL 4374077, at *1 (E.D. Mich. Dec. 10, 2007) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

4

standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[3]

## **Factual and Procedural Background**

The facts of this case demonstrate PBGC's diligent and good faith efforts to comply with plaintiffs' discovery requests, the Federal Rules of Civil Procedure, and all orders of this Court, including the ultimate intention to provide a detailed privilege log.  PBGC has produced all documents sought by the plaintiffs except those protected by law or privilege.  Further, pursuant to the Magistrate Judge's Order, PBGC intends to produce documents regarding plan participant census data subject to a protective order that PBGC is currently preparing with the plaintiffs, as well as documents relating to PBGC recoveries.

In September 2011 and October 2011, plaintiffs served PBGC with unbounded document requests, demanding every document possessed by PBGC that referred, in any way, to Delphi.[4] PBGC timely responded to the plaintiffs' requests by producing only the few documents outside of the administrative record that PBGC believed were relevant to the actual claims asserted in the

---

[3] *Itskin v. Gibson*, No. 10-cv-689, 2012 WL 787400, at *1 (S.D. Ohio Mar. 9, 2012) (*citing Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd without op.*, 19 F.3d 1432 (6th Cir. 1994). *See also Hood v. Midwest Sav. Bank*, No. C2–97–218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (A decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law.").

[4] The District Court, in its September 1, 2011 Order, overturned the Magistrate Judge's previous ruling that the Court's review would be limited to PBGC's administrative record and the plaintiffs were not entitled to discovery absent this Court's ruling that the record was inadequate. While the Magistrate Judge and plaintiffs state that the plaintiffs served their discovery requests at issue approximately two years ago, the issue of PBGC's obligation to comply with such requests was and is still highly contested.  In fact, PBGC was not ordered to comply with such requests until the Magistrate Judge's March 9, 2012 Order.  PBGC's objections to the March 9, 2012 Order remain pending before District Judge Tarnow.

Amended Complaint,[5] and objected to requests that PBGC believed exceeded those limitations. In that response, PBGC expressly reserved its right to assert the attorney-client, attorney work product, and any other legal privilege available to the agency.[6]  PBGC did not specifically identify any documents subject to those privileges, because there were no privileged documents within the universe of documents that were relevant under PBGC's view of the case, based on the counts of plaintiffs' complaint.

In her March 9, 2012 Order ("March 9 Order"), however, the Magistrate Judge granted plaintiffs' Motion to Compel, overruling all of PBGC's relevance objections to plaintiffs' requests and ordering PBGC to comply with the outstanding document requests.  Although PBGC's objection to the March 9 Order remains pending before Judge Tarnow, PBGC has done everything within its power to comply with the March 9 Order.

The magnitude of plaintiffs' discovery demands cannot be overstated.  Plaintiffs demanded that PBGC produce every document in PBGC's possession mentioning Delphi and created over a 4-year period from January 1, 2006, to December 31, 2009.  During that time, Delphi was in bankruptcy and was one of PBGC's largest cases.   In response to the March 9 Order, PBGC's legal team first assembled all documents requiring review and processing before production to plaintiffs.  The total page count exceeded 1.5 million.[7]

As PBGC assembled the documents, it became apparent that the production could not be completed in 120 days as PBGC has initially projected.  PBGC also realized that a document

---

[5]  The additional documents PBGC produced were the agreements effectuating termination and trusteeship of Delphi's six pension plans, including the Salaried Plan.

[6] *See* Exhibits C and D to plaintiffs' Rule 37 Motion (Dkt. No. 218).

[7] *See* Exhibit A.

review project of this size and scope could not be completed using solely agency resources.  In light of this, PBGC asked plaintiffs to agree to a limitation on the scope of their demands to allow PBGC to complete production more quickly and reasonably, e.g., by topic or additional search terms.  Plaintiffs declined, insisting PBGC locate and produce every non-archived document containing the word "Delphi."[8]  Plaintiffs' counsel did, however, agree to a rolling production of documents, after PBGC completed its collection of all responsive documents.[9]

To get the largest quantity of responsive documents into the hands of the plaintiffs as quickly as reasonably possible, PBGC informed plaintiffs that it would first provide the most quickly reviewable documents, then move to documents requiring additional processing such as redaction, and then lastly, would compile the log of the privileged documents that had been located during the document review process.  The parties documented their understanding about the process of producing the documents covered by the March 9 Order in a Joint Discovery Report and Stipulated Order dated August 20, 2012.  With respect to PBGC's privileged documents and the production of the log required by the Federal Rules of Civil Procedure, the parties acknowledged that such a log could not possibly be created until after the potentially responsive documents had all been reviewed and the privileged documents actually had been located.  In the Joint Discovery Report, the parties described that process as follows:

> PBGC has not produced a privilege log identifying the document withheld or the privileges asserted, though it intends to produce such a log at the conclusion of its production of Non-Archived documents.  Plaintiffs and PBGC reserve the right to litigate issues of privilege if necessary *when a privilege log is in fact produced*."[10]

---

[8] *See id.*

[9] *See id.*

[10] *See id.* and Joint Discovery Report and Stipulated Order (Dkt No. 215) (emphasis added).

Not only was the District Court aware of the parties' intentions with respect to the production of the privilege log, but it affirmatively stated its approval of the procedure by "so ordering" the parties' Joint Report and Stipulation.

Following the procedures described in the Joint Report and Stipulation, PBGC has made several rolling productions to plaintiffs:

| Date | Bates Number | Page Count |
|------|-------------|------------|
| 06/07/2012 | PBGC-BL-0000001 to PBGC-BL-0062059 | 62,059 |
| 06/15/2012 | PBGC-BL-0062060 to PBGC-BL-0171363 | 109,303 |
| 07/03/2012 | PBGC-BL-0171364 to PBGC-BL-0216831 | 94,274 |
| 08/17/2012 | PBGC-BL-0216832 to PBGC-BL-0265638 | 48,806 |
| 09/07/2012 | PBGC-BL2-00000001 to PBGC-BL2-00310112 | 310,112 |
| 09/14/2012 | PBGC-BL2-00310113 to PBGC-BL2-00538687 | 228,574 |
| 10/26/2012 | PBGC-BL2-00538688 to PBGC-BL2-00714585 | 175,897 |
| 12/03/2012 | PBGC-BL2-00714586 to PBGC-BL2-00736828 | 22,242 |
| 12/20/2012 | PBGC-BL2-00736829 to PBGC-BL2-00769214 | 32,385 |
| 07/29/2013 | PBGC-BL2-00769215 to PBGC-BL2-00782871 | 13,657 |

PBGC ultimately procured a litigation support firm to assist in reviewing the documents. At various times during the review process, as many as 50 contract attorneys were reviewing documents on PBGC's behalf.  PBGC has spent hundreds of hours of attorney time and nearly $2 million in contractor costs to comply with plaintiffs' discovery requests.[11]  As the chart above reflects, PBGC has collected, reviewed, and produced more than a million pages of responsive,

---

[11] *See id.*

non-privileged documents to plaintiffs.  PBGC was able to maintain the pace of production in part due to the parties' mutual understanding that PBGC would  not halt the production to create a privilege log—but would only do so *after* giving plaintiffs all responsive, non-privileged documents.[12]

Upon completion of the document review and the production to the plaintiffs, PBGC has worked diligently over the past few months to construct a detailed privilege log identifying documents being withheld.  Initially, PBGC had collected about 30,000 documents identified by PBGC's contractor as potentially subject to privilege.  At a given point, PBGC has had up to 10 of its 60 attorneys in the Office of the Chief Counsel reviewing those 30,000 documents.  Through that review process, PBGC has reduced the number of privileged documents to about 10,000 documents for which a privilege claim is appropriate.  PBGC gave plaintiffs the first tranche of its privilege log, covering about 3,500 of those documents, on August 23, 2013.  PBGC plans to produce the second tranche of its privilege log to plaintiffs in September.

As these facts demonstrate, the document production has been a long and arduous process that has taken longer than PBGC and this Court initially hoped.  Nonetheless, PBGC moved expeditiously to produce the documents and when it became apparent that additional time would be required, it routinely and regularly contacted counsel for plaintiffs and kept them informed at every step of the process along the way.  The parties cooperatively worked out a process for production and jointly informed the Court of that process.

At no point did the Court express any concern with the pace of PBGC's efforts, nor did it suggest that PBGC has not been diligently working to comply with the Court's March 9 Order and the plaintiffs' document requests as quickly as practicable.  Now, despite these facts, the

---

[12] *See id.*

Magistrate Judge has, without taking any intermediate steps, imposed the most severe sanction upon PBGC – denial of its right to claim any privilege whatsoever.  Because the record does not support any sanction in this case, this Court should vacate the Magistrate Judge's Order.

**Argument**

I.   **A Review of the Entirety of the Evidence in This Case Reveals that Magistrate Judge Erred in the Issuance of Her Order.**

A.   <u>The Magistrate Judge failed to account for the parties' understanding that PBGC would produce a privilege log at the conclusion of its production.</u>

The Magistrate Judge erred in failing to consider the parties' constant communications about the document production process and the timing of the privilege log.  The parties' understanding about the exchange of the privilege log directly impacts a court's analysis of the timeliness of a privilege objection.[13]

Since the very beginning of its production process, PBGC has been in regular communication with plaintiffs' counsel, apprising them of the document production schedule.[14] Upon recognizing the magnitude of documents covered by plaintiffs' demands, PBGC contacted plaintiffs' counsel to work out a reasonable plan for production, with realistic deadlines. Plaintiffs, being fully informed of PBGC's production plan, agreed to a rolling production where PBGC would first provide plaintiffs with the most quickly reviewable documents, next move on to documents requiring additional processing such as redaction and finally work on privilege determinations.  Plaintiffs' counsel clearly understood that PBGC would begin compiling the privilege log only after completing production to plaintiffs of all non-privileged documents.  The

---

[13] *Best Buy Stores, L.P. v. Manteca Lifestyle Center, LLC*, No. 2:10 cv 1089, 2011 WL 2433655 (E.D. Cal. 2011) (unpublished)

[14] *See* Exhibit A, which describes in detail the parties' regular discussions during the document production process.

10

parties then informed the Court of how they intended to proceed, including informing the Court that PBGC would not prepare a privilege log until after the document review and production was completed.  The Court acknowledged and approved the parties' understanding by signing and "so ordering" the report.

Having reached this understanding with plaintiffs' counsel and with the Court, PBGC began compiling a privilege log after producing all non-privileged documents to the plaintiffs. Notably, from the time the Magistrate Judge entered the March 9 Order until the plaintiffs filed their Rule 37 Motion to Enforce Court Order, the plaintiffs did not object to PBGC's plan to compile the privilege log after producing non-privileged documents.

The cases cited by the Magistrate Judge to support its conclusion that PBGC's objections filed in November 2011 are "tantamount to filing no objections at all," and sanctioning PBGC by denying it the right to protect its privileged documents, *PML North Am., LLC v. World Wide Personnel Servs. of Virginia, Inc.* and *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, are readily distinguishable.  In both cases, the party at issue failed to show *any* indication that a privilege log would follow.[15]  That is not the case here.  PBGC and the plaintiffs had a clear and documented understanding that PBGC would compile and produce a privilege log after reviewing and producing all non-privileged documents.  The Court was aware of and approved that understanding.  PBGC gave plaintiffs the first tranche of its privilege log on August 23, 2013.  PBGC plans to produce the second tranche of its privilege log to plaintiffs in September. Even if PBGC's objections filed in November 2011 were considered to be insufficient, PBGC's

---

[15] *PML North Am., LLC v. World Wide Personnel Servs. of Virginia, Inc.*, No. 06-14447, 2008 WL 1809133 at *1 (E.D. Mich. April 21, 2008); *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, No. 05-74594 and 05-774930. 2007 WL 4098727, at *1 (E.D. Mich. Nov. 16, 2007).

production of a detailed privilege log as contemplated by the parties will cure such insufficiency.[16]

      B.    <u>The Magistrate Judge failed to account for the practicalities involved in creating a privilege log for a document production of the massive scope in the case at hand.</u>

     Although the Order is not completely clear about what actions PBGC failed to take to preserve its privilege claims, the court's rejection of the PBGC's November 11, 2011 objections as "mere boilerplate" suggests that PBGC was required to submit, within 30 days of the Document Requests or, alternatively, within 30 days after the Magistrate Judge's March 9 Order, a privilege log meeting the specificity required under Fed. R. Civ. P. 26(d)(5)(A). Such a timeline is simply not reasonable or possible given the expansive nature of the plaintiffs' document requests approved by this Court. Therefore, the Magistrate Judge's holding is clearly erroneous in light of the known circumstances of this case.

     When privilege review is a "'herculean task' … providing the specifics [as required under Fed. R. Civ. P. 26] by the due date for a Rule 34(b) response would be unrealistic."[17] As the parties agreed, PBGC must review a document before it can determine whether a privilege applies. The privilege objection then must contain the detail set out in Fed. R. Civ. P. 26(d)(5)(A).[18] Given the huge volume of documents covered by plaintiffs' demands, there was no possible way that PBGC could have reviewed each document and compiled a privilege log

---

[16] *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.,* No. 07 cv 1989, 2008 WL 5100203 at *4 (E.D. Cal. Nov. 26, 2008); *Best Buy Stores L.P. v. Manteca Lifestyle Center, LLC,* No. 10 cv 0389, 2011 WL 2433655 (E.D. Cal. June 14, 2011).

[17] *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L Marcus, FEDERAL PRACTICE AND PROCEDURE § 2016.1 (3d ed.).

[18] Plaintiffs' Rule 37 Motion at 12 (Dkt No. 218).

within 30 days of the Document Requests or, alternatively, within 30 days after the Magistrate

Judge's March 9 Order.

Further, it is not reasonable to require PBGC to begin the labor-intensive task of

reviewing and logging privileged documents while its objections to the breadth of those requests

were still pending before the Court.  Fed. R. Civ. P. 26(d)(5)(A) specifically states that when a

party "withholds information *otherwise discoverable* (emphasis added)" by claiming privilege, it

must "expressly make the claims" and "describe the nature of the documents, communications,

or tangible things not produced or disclosed – and do so in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim."  As

stated in the 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(d)(5), this requirement only

applies to items that are "otherwise discoverable."  If a broad discovery request is made and the

responding party objects to the breadth of the request, the party need not log the allegedly

privileged documents that fall within the scope of its objection until the court rules on the

objection.[19]

Here, PBGC clearly objected to the breadth of plaintiff's First and Second Requests for

Production of Documents and thus was not required to begin logging its privileged documents *at

minimum* until after the Magistrate Judge issued her March 9 Order.  It was obviously impossible

for PBGC to produce the documents and a privilege log in a matter of 30 or even 90 days after

Magistrate Judge Majzoub ordered PBGC to respond to the plaintiffs' discovery requests.

Therefore, PBGC conferred with plaintiffs on the document production timeline, routinely

---

[19] *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(d)(5); *U.S. v. Philip Morris, Inc.*,
347 F.3d 951, 954 (D.C. Cir. 2003) (party is required to note its privilege objection and to
describe document only when document is "otherwise discoverable"); 6-26 MOORE'S FEDERAL
PRACTICE - CIVIL § 26.47[1][b].

agreed to reasonable extensions of the discovery deadlines, which the Court approved, and continued to keep plaintiffs apprised of expected production dates and of PBGC's intention to compile a privilege log following completion of the document production.[20]

And finally, after the Magistrate Judge issued her March 9 Order, PBGC filed objections to the March 9 Order, which have been fully briefed by the parties and are currently pending before the Court.  Therefore, considering that PBGC's objection questioning whether plaintiffs' First and Second Requests for Production of Documents is "otherwise discoverable" has yet to be finally resolved by this Court, there still remains ambiguity as to when PBGC's privilege log is due.  PBGC nevertheless has been compiling the log as it finished its contested production.

C.       The severity of the Magistrate Judge's sanction denying PBGC the right to assert privilege claims is inappropriate in this case.

Finding a waiver of privilege is a most severe sanction, not an automatic consequence of every technical failure to comply with the rule 34(b)'s time limit for responding to a discovery request with sufficient detail.[21]  For instance, if objections to discovery on the basis of privilege have been stated, but the objections do not fully comply with the rule, the court may allow the responding party to make a more complete response,[22] not simply reject the attempt to claim the privilege as "mere boilerplate."

---

[20] *See* Exhibit A.

[21] *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2016.1 (3d ed.); *Berryman v. SuperValu Holdings, Inc.*, No. 05 cv 169, 2008 WL 4934007 at *10 (S.D. Ohio, Nov. 18, 2008); *see also Teleglobe Communs. Corp. v. BCE, Inc.* 493 F.3d 345, 386 (3d Cir. 2007) ("Disclosure is a serious sanction, but one that may be imposed only if the District Court finds bad faith, wilfulness, or fault") (citing *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 877-80 (7th Cir. 2005)); *US. v. British Am. Tobacco (Inv.) Ltd.*, 387 F.3d 884, 885 (D.C. Cir. 2004) ("'[W]aiver of privilege is a serious sanction' that a court should impose only if a party behaves unreasonably or worse.").

[22] *See* 2-15 Moore's Manual--FEDERAL PRACTICE AND PROCEDURE § 15.26[6][e].

Because waiver of privilege is considered a serious sanction, it is generally only found in cases of unjustified delay, inexcusable conduct, and bad faith.[23]  There was no unjustified delay, inexcusable conduct, or bad faith in this case.  As discussed above, PBGC has been diligent in its efforts to comply with plaintiffs' discovery requests, the Federal Rules of Civil Procedure, and all orders of this Court and to act in accordance with the parties' understanding, including the ultimate production of a privilege log.  At no time did the Court or plaintiffs suggest that PBGC was acting in bad faith by hewing to the parties' understanding that it would produce the privilege log last, after it completed the production of the non-privileged documents.  To the contrary, in the Order, the Magistrate Judge notes PBGC's good faith efforts to produce documents responsive to plaintiffs' requests.[24]

Responding to the plaintiffs' discovery, particularly as their demands lacked any reasonable limitations, has required more time than PBGC could have anticipated when the demands were made.  As mutually understood by the parties, PBGC has been constructing a detailed privilege log to identify with specificity those remaining responsive documents for which PBGC claims privilege, and PBGC has now produced the first half of its privilege log.  Therefore, given PBGC's compliance with the plaintiffs' discovery requests, the parties' mutual understanding on the timing of the privilege log production, and PBGC's good faith efforts in

---

[23] *See* 6-26 MOORE'S FEDERAL PRACTICE – Civil 26.47[5].  *See e.g., Coalition for a Sustainable Delta v. Koch,* No. 1:08–CV–00397 OWW GSA, 2009 WL 3378974, at *11–14 (E.D. Cal. Oct.15, 2009) (unpublished) (in a case dealing with a universe of 80,000 documents and thousands of emails, defendants' assertion of privilege two months after the production of documents was reasonable); *Carl Zeiss Vision Int'l GmbH v. Signet Armorlite*, No. CIV 07CV–0894DMS POR, 2009 WL 4642388, at *3–4 (S.D. Cal. Dec.1, 2009) (unpublished) (despite a nine-month delay in production of privilege log, privilege objection held not to be waived).

[24] Order at 7 (Dkt. No. 231).

completing the production of the privilege log, sanctioning PBGC by enforcing privilege waiver is inequitable and unwarranted.

## <u>Conclusion</u>

For these reasons, PBGC respectfully requests that the Court vacate the Magistrate Judge's Order of August 21, 2013, and deny plaintiffs' Rule 37 Motion to Enforce this Court's Order Granting Plaintiffs' Second Motion to Compel Discovery with respect to assertions of privilege.

Dated: September 4, 2013

Washington, D.C.

Respectfully Submitted:

/s/ C. Wayne Owen, Jr.
ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
JOHN A. MENKE
Assistant Chief Counsel
C. WAYNE OWEN, JR.
CRAIG T. FESSENDEN
ERIN C. KIM
Attorneys

Local Counsel:

BARBARA L. McQUADE
United States Attorney
PETER A. CAPLAN
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9784

Attorneys for the Defendant
PENSION BENEFIT GUARANTY
COPORATION
Office of Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 326-4020 ext. 3204
Fax: (202) 326-4112
Emails: owen.wayne@pbgc.gov and
efile@pbgc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, I electronically filed the foregoing **Pension Benefit Guaranty Corporation's Objections to Magistrate Judge Majzoub's Order Granting in Part Plaintiffs' Rule 37 Motion to Enforce Court Order, dated August 21, 2013** via the court's CM/ECF system which will send notification of such filing to all registered users, including the following:

Michael N. Khalil
mkhalil@milchev.com

Timothy P. O'Toole
totoole@milchev.com, ktafuri@milchev.com

Alan J. Schwartz
alan@jacobweingarten.com

Anthony F. Shelley
ashelley@milchev.com, ktafuri@milchev.com, mkhalil@milchev.com

/s/ C. Wayne Owen, Jr.
C. WAYNE OWEN, JR.

17