## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DENNIS BLACK, et al.,**

              **Plaintiffs,**               **CIVIL ACTION NO. 09-CV-13616**

   **vs.**

                                        **DISTRICT JUDGE ARTHUR J. TARNOW**

**PENSION BENEFIT GUARANTY**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORP., et al.,**

              **Defendants.**
_____/

## ORDER DENYING DEFENDANT PENSION BENEFIT GUARANTY CORPORATION'S ("PBGC") MOTION FOR RECONSIDERATION (DOCKET NO. 232) AND GRANTING IN PART DEFENDANT PBGC'S EMERGENCY MOTION FOR STAY (DOCKET NO. 233)

This matter comes before the Court on Defendant PBGC's motion for reconsideration (docket no. 232) and emergency motion for stay pending reconsideration of the Court's order of August 21, 2013 (docket no. 232). The Court declines to order responses to the motions considering the emergency nature of the motions. *See* E.D. Mich. L.R. 7.1(h)(2). The motions have been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 236). Being fully apprised of the matters raised in the motions, the Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f). These matters are now ready for ruling.

Defendant PBGC moves for reconsideration of this Court's order of August 21, 2013 on the grounds that the order (1) fails to account for PBGC's understanding with Plaintiffs that it would produce a privilege log at the conclusion of its production; (2) failed to acknowledge that the district judge was informed of the parties' understanding and approved it by "so ordering" the parties joint

1

discovery report and stipulation; (3) failed to consider the practicalities involved in creating a privilege log for a document production of the massive scope demanded by Plaintiffs; and (4) without prior warning to PBGC denied PBGC its right to protect it privileged material from discovery.

Eastern District of Michigan Local Rule 7.1(h)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001) (citation omitted). "[T]he court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

Defendant PBGC first argues that the August 21, 2013 order fails to account for PBGC's understanding with Plaintiffs that it would produce a privilege log at the conclusion of its production. Contrary to Defendant PBGC's argument, it was Plaintiffs who moved to enforce a court order and compel production of documents withheld on the basis of unspecified privileges precisely because Defendant failed to assert proper privilege objections or produce a privilege log. In their motion to enforce a court order, Plaintiffs argued to the Court that they agreed to extend discovery deadlines and modify their request to exclude archived documents in an effort to work with Defendant PBGC, but they did not agree to allow Defendant PBGC an unlimited amount of time to produce documents, assert privileges, and produce a privilege log. In fact, Plaintiffs argued that Defendant PBGC waived any right to assert privileges with respect to the withheld documents. The Court fully considered the arguments presented in relation to Plaintiffs' previously filed Rule 37

motion to enforce a court order, and took into consideration the parties' efforts to extend discovery dates, assert objections, produce the requested documents, and comply with court orders.

As for whether this Court failed to acknowledge the joint discovery report and stipulated order entered by Judge Tarnow, the August 20, 2012 stipulated order states in a footnote that Defendant PBGC has withheld an unspecified number of otherwise responsive documents on privilege grounds and intends to produce a privilege log at the conclusion of its production of non-archived documents.  However, Plaintiffs argued that Defendant PBGC agreed to produce the bulk of its non-archived documents by June 7, 2012.  The stipulated order states that Defendant PBGC had produced a portion of its non-archived documents by August 2012, it had hired an outside firm to assist in the document review process, it would begin producing documents in bulk by the end of August 2012, and it would know within forty-five days when it would be able to produce the remainder of the non-archived documents.  The stipulated order was entered one year before this Court entered its order granting in part Plaintiffs' Rule 37 motion to enforce its earlier order compelling discovery.  Yet within that year Defendant PBGC has still not identified the privileges it claims or produced a privilege log.  The Court did not fail to consider the joint discovery plan and stipulated order.

Next, Defendant PBGC argues that this Court denied PBGC its right to protect its privileged material without prior warning to PBGC.  The Court did not deny Defendant PBGC its right to protect its privileged material.  Rather, the Court found that Defendant PBGC failed to assert proper privilege objections to Plaintiffs' discovery requests, which were served almost two years ago in September and October 2011, and has failed to produce a privilege log to protect its own allegedly privileged material.

3

Finally, contrary to Defendant PBGC's contention, the Court is fully apprised of the scope of discovery in this case and did not fail to consider the practicalities involved in creating a privilege log.

Having considered Defendant PBGC's motion for reconsideration and brief, Defendant PBGC has not shown any palpable defect that misled this Court or the parties. Pursuant to E.D. Mich. L.R. 7.1(h)(3), the Court will deny Defendant PBGC's motion for reconsideration.

Defendant PBGC's emergency motion requests an order staying this Court's August 21, 2013 order until such time as the Court resolves its motion for reconsideration. Since this order resolves the motion for reconsideration, Defendant's request is moot. However, in consideration of the fact that Defendant PBGC has recently filed an objection to the August 21, 2013 order (docket no. 234), the Court will stay that portion of the August 21, 2013 order that requires Defendant PBGC to produce by September 30, 2013 documents withheld on the basis of privilege. *See* E.D. Mich. L.R. 72.2. No other provision of the August 21, 2013 order will be stayed. The stay will remain in effect until Judge Tarnow rules on Defendant PBGC's objection to the August 21, 2013 order or until the Court orders otherwise.

**IT IS THEREFORE ORDERED** that Defendant PBGC's motion for reconsideration (docket no. 232) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant PBGC's emergency motion for stay pending reconsideration of the Court's order of August 21, 2013 (docket no. 233) is **GRANTED** only to the extent that the provision of the August 21, 2013 order requiring disclosure of documents withheld on the basis of privilege will be stayed until such time as Judge Tarnow rules on Defendant PBGC's objection to the August 21, 2013 order, or until the Court orders otherwise.

4

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. § 636(b)(1).

Dated: September 5, 2013                     s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 5, 2013                     s/ Lisa C. Bartlett
                                             Case Manager

5