UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BLACK, et al.,

    Plaintiffs,

v.

PENSION BENEFIT GUARANTY
CORPORATION,

    Defendant.
_____/

Case No. 09-13616

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K.
MAJZOUB

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF AUGUST 21, 2013 [234] AND MOOTING PLAINTIFFS' MOTION REQUESTING THE MAGISTRATE JUDGE DISSOLVE THE PARTIAL STAY OF THE AUGUST 21, 2013 ORDER [245]**

Before the Court are Defendant's Objections to Magistrate Judge's Order of August 21, 2013 [234], Plaintiffs' Response [239], and Defendants' Reply [242] and Plaintiffs' Motion Requesting the Magistrate Judge Dissolve the Partial Stay of the August 21, 2013 Order [245], Defendants' Motion to Strike Plaintiff's Motion to Dissolve [246], and Plaintiffs' Reply [247]. For the following reasons, Defendants' Objections [234] are overruled and Plaintiffs' Motion to Dissolve [245] is moot.

## STATEMENT OF FACTS

On August 21, 2013, the Magistrate Judge entered an Order [231] ("the Waiver Order") requiring the Defendant Pension Benefit Guaranty Corporation ("PBGC") to

produce to Plaintiffs by September 30, 2013 improperly withheld documents responsive to discovery requests Plaintiff served in 2011. Part of the basis of the Magistrate Judge's privilege ruling was that the PBGC's failure to produce a privilege log for more than one year after the Court ordered the PBGC to comply with Plaintiffs' 2011 discovery requests waived its ability to assert any privileges or protections as to those document requests.

On August 30, 2013, PBGC filed a Motion for Reconsideration of the Waiver Order [232] and an Emergency Motion for Stay Pending Reconsideration of the Court's Waiver Order [233]. While those motions were pending, PBGC also filed Objections to the Order [234]. In an Order [237], the Magistrate Judge denied the PBGC's Motion for Reconsideration of the Waiver Order, holding that PBGC had not shown any palpable defect in the Waiver Order, and that PBGC had not demonstrated that the Court or the Parties had been misled. The Magistrate Judge's Order [237] effectively mooted PGBC's Emergency Motion for Stay Pending Reconsideration of the Court's Waiver Order [233]. The Magistrate Judge partially stayed its previous Order [231] until this Court considered Defendant's Objections [234]. Because the Court now addresses Defendant's Objections [234], Plaintiffs' Motion Requesting the Magistrate Judge Dissolve the Partial Stay of the August 21, 2013 Order [245] and Defendants' Motion to Strike Plaintiff's Motion to Dissolve [246] are hereby moot.

## STANDARD OF REVIEW

If a litigant expresses an objection to a magistrate judge's ruling on a nondispositive pretrial matter, the district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because the issue would have been decided differently. *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Defendant first objects that the Magistrate Judge failed to account for the parties' understanding that PBGC would produce a privilege log at the conclusion of its production. Defendant's argument that they had an understanding regarding discovery procedures is not compelling. Plaintiffs have filed multiple motions to compel discovery and oppose this Defendant's instant objection. Plaintiffs do not agree that the parties had an understanding regarding PBGC's privilege log. Accordingly, the Court is not left with a "definite and firm conviction" that the Magistrate Judge made a mistake by compelling discovery in its previous Order [231].

Defendant next objects that the Magistrate Judge failed to account for the practicalities involved in creating a privilege log for a document production of massive scope in the case at hand. In fact, the Magistrate Judge directly and thoroughly addressed this same argument in its previous Order [231]. *See* [231] at 7. Defendant has been under court order to since March 9, 2012 to respond to Plaintiffs' discovery requests. The Court agrees with the reasons stated in the Magistrate Judge's Order [231] that Defendant's argument that the discovery requests are too large to properly address is not compelling.

Lastly, Defendant objects that the severity of the Magistrate Judge's sanction denying PBGC the right to assert privilege claims is inappropriate in this case. PBGC has been under court order since March 9, 2012 to respond to Plaintiff's discovery requests and has only asserted boilerplate objections. Filing boilerplate objections to discovery requests is tantamount to filing no objections at all. *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 2007 WL 4098727 (E.D. Mich. 2007) (Mazjzoub). The Court strongly condemns the practice of asserting boilerplate objections to every discovery request. *Powerhouse Licensing, LLC v. CheckFree Services Corp.*, 2013 WL 1209971 at *3 (E.D. Mich. 2013) (Drain, D.J.). "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Cozzens v. City of Lincoln*

*Park*, 2009 WL 152138 at *2 (E.D. Mich. 2009) (Hlucianuck, M.J.) (internal citation omitted). The Magistrate Judge's conclusion that PGBC has waived the right to claim privilege here was based on well-settled law and the Court will not disturb it.

**Accordingly**,

**IT IS ORDERED** that Defendant's Objections [234] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting the Magistrate Judge Dissolve the Partial Stay of the August 21, 2013 Order [245] is **MOOTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Motion to Dissolve [246] is **MOOTED.**

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 21, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 21, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant